UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/18/2021
```

KERRI FLOWERS,

            Plaintiff,

-against-

HARTFORD LIFE & ACCIDENT INSURANCE CO.,

            Defendant.

1:21-cv-5388-MKV

ORDER ON DISCOVERY DISPUTE

MARY KAY VYSKOCIL, United States District Judge:

    Pursuant to the Court's Order dated October 19, 2021, Plaintiff filed a letter seeking limited discovery beyond the administrative record in this Employment Retirement Income Security Act ("ERISA") case. [ECF No. 19]. Plaintiff seeks limited discovery into the financial relationship between Defendant and Dr. Jeffrey Liva, a physician consultant who conducted Plaintiff's independent medical examination. Plaintiff contends that there were irregularities in Dr. Liva's examination of Plaintiff as evidenced by the administrative record. She contends that Dr. Liva's medical assistant conducted much of the exam, including a mini-mental status exam and that during the exam, the medical assistant fed the correct answers to Plaintiff and disregarded Plaintiff's incorrect answers, which led to an incorrect health assessment. Plaintiff contends that after she reported her concerns about the examination to Defendant, Defendant assured her that it would investigate the issue. However, according to Plaintiff, there apparently is no evidence that Defendant conducted an investigation. Defendant instead adopted Dr. Liva's opinions completely and continued the review of Plaintiff's claim.

    Where, as here, an ERISA plan grants discretionary authority to a claim fiduciary to interpret the terms of the plan and determine eligibility for benefits, a district court's review of the administrator's adverse benefit determination under ERISA§ 502(a)(1)(B) must apply the

arbitrary and capricious standard of review. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115 (2008). "[T]he presumption is that review is limited to the record in front of the claims administrator unless the district court finds good cause to consider additional evidence." *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003). This Court has held that a plaintiff may be permitted to conduct limited extra-record discovery where there is "a reasonable chance that the requested discovery will satisfy the good cause requirement." *Smith v. First Unum Life Ins.*, No. 19 CIV. 00298 (NSR), 2020 WL 6281451, at *4–5 (S.D.N.Y. Oct. 21, 2020) (quoting *Anderson v. Sotheby's Inc. Severance Plan*, No. 04 CIV.8180 SAS DFE, 2005 WL 6567123, at *7 (S.D.N.Y. May 13, 2005)) (collecting cases); *Capretta v. Prudential Ins. Co. of Am.*, No. 16 Civ. 1929 (DAB), 2017 WL 4012058, at *6 (S.D.N.Y. Aug. 28, 2017). However, "a plaintiff may not rely upon a bare allegation of the existence of a conflict of interest," but must demonstrate "some factual support for the position that the conflict of interest influenced a claim denial determination within the administrative record." *Smith*, 2020 WL 6281451, at *6.

Plaintiff fails to show a reasonable chance that the requested discovery will satisfy the good cause requirement. Plaintiff fails to show any evidence of a financial relationship between Defendant and Dr. Liva. Indeed, Dr. Liva was not assigned to conduct Plaintiff's medical examination directly, but was instead retained by Exam Coordinators Network, which itself had been retained by Defendant as a third-party vendor to arrange Plaintiff's medical examination. [ECF No. 19-3].

Plaintiff's own letter also belies any argument that extra-record discovery is necessary in this case. In support of her claim that Dr. Liva's examination was improper, she cites to the administrative record, which already has been produced. ([ECF No. 19] ("The evidence in the ERISA administrative record suggests that Dr. Liva conducted his exam improperly"). If the administrative record already establishes that Plaintiff did not receive a full and fair review of

her claim, as she contends, there is no need for further discovery on this issue. The issue of whether Defendant erred in relying on Dr. Liva's report to support its adverse benefit determination goes to the merits of whether Defendant's determination was arbitrary and capricious and does not justify extra-record discovery. *See Anderson v. Sotheby's Inc. Severance Plan*, No. 04 CIV.8180 SAS DFE, 2005 WL 6567123, at *5 (S.D.N.Y. May 13, 2005) ("[A] plaintiff cannot satisfy the good cause requirement simply by arguing that the plan administrator acted in clear error. Otherwise, every ERISA case would include documents outside the record.").

Plaintiff also cites to a letter from another ERISA plaintiffs' attorney, Joel D. Zelkowitz, concerning an unrelated case in which Mr. Zelkowitz's client was examined by Dr. Liva. [*See* ECF No. 19-6]. However, this letter is not persuasive. In that letter, Mr. Zelkowitz reports that he accompanied his own client to an exam performed by Dr. Liva in February 2020, during which he observed the same irregularities in his examination that Plaintiff now reports. Passing the fact that this letter is hearsay, it also only undermines the need for extra-record discovery here. Reportedly, the claim of Mr. Zelkowitz's client was eventually approved on appeal after he submitted a detailed statement explaining his observations and concerns about Dr. Liva's conduct during the exam. [*See* ECF No. 19]. As such, this letter only belies Plaintiff's assertion that extra-record discovery is necessary in this case.

Plaintiff also cites to *Feltington v. Hartford Life Insurance Company*, 2021 WL 2474213 (E.D.N.Y. June 17, 2021) in support of her argument, but that case in inapposite. In *Feltington*, the plaintiff alleged that the doctor at issue was employed by a third-party vendor that "derived nearly 75% of its revenue from" the Defendant insurance company. *Id.* at *15. The Court held that, in light of the specific allegations regarding this financial relationship, there was "a reasonable chance that permitting requested discovery . . . may lead to evidence that will satisfy

the good cause requirement." *Id.* at *16. Plaintiff has not made any similar allegations. Conversely, the Court in that same case did not permit extra-record discovery in relation to another independent physician associate where Plaintiff failed to allege a financial influence between the physician and the Defendant insurance company. *Id.* at *18.

Therefore, IT IS HEREBY ORDERED that Plaintiff's request for limited discovery beyond the administrative record is DENIED.

IT IS FURTHER ORDERED that the status conference scheduled for November 23, 2021 at 3:30 PM is ADJOURNED to January 25, 2022 at 10:30 AM.

The parties shall file a letter on or before January 17, 2022 advising the Court of the status (but not the substance) of settlement discussions. If the parties intend to proceed to motion practice, they should also provide a briefing schedule in that letter.

**SO ORDERED.**

Date:  **November 18, 2021**  
       **New York, NY**

_____  
MARY KAY VYSKOCIL  
United States District Judge